# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RAYMOND E. SIMS-LEWIS                         *

Plaintiff                                      *

v                                              *          Civil Action No. RDB-16-3963

OFC. DANCY DEBROSSE,                           *
BALTIMORE CITY POLICE DEPT.,
S. RAWLINS-BLAKE, and                          *
LARRY HOGAN
                                               *
Defendants

                              ***
## MEMORANDUM OPINION

On December 9, 2016, Plaintiff Raymond E. Sims-Lewis, a prisoner incarcerated in the Maryland Reception Diagnostic and Classification Center, filed the above-captioned civil rights complaint together with a Motion to Proceed in Forma Pauperis.   Because he appears to be indigent, Plaintiff's motion shall be granted.  For the reasons that follow, the Complaint must be dismissed without prejudice.

Plaintiff alleges that Officer Dancy Debrosse falsely accused him of pointing a gun at six people; committed perjury; defamed his character, and caused him emotional distress.  ECF 1 at pp. 3 - 4.  He further alleges that Debrosse's conduct was the result of negligent hiring practices and a failure to properly supervise Debrosse by the Baltimore City Police Department, Mayor Rawlins-Blake, and Governor Larry Hogan.  *Id.*  As relief, he seeks monetary damages and dismissal of two pending Circuit Court cases (No. 116173036 and No. 112033005).  *Id.* at p. 3.

In *State of Maryland v. Raymond Sims-Lewis*, Case No. 116173036 (Balt. City Cir. Ct. June 21, 2016), Plaintiff is awaiting trial on 26 separate criminal charges that include first degree

assault, possession of CDS, firearms charges, and traffic violations.[1] Officer Debrosse is listed as one of the three police officers involved in the case. No trial date has been scheduled in the case and Plaintiff is represented by the Public Defender's Office. In *State of Maryland v. Raymond Sims-Lewis*, Case No. 112033005 (Balt. City Cir. Ct. Feb. 2, 2012), Plaintiff appears to be facing a violation of probation charge.[2]   On October 10, 2013, he pled guilty to charges of possession of CDS with intent to manufacture or distribute and received a sentence of 13 years with 12 years, 11 months, and 27 days suspended and three years of probation. The electronic docked indicates a warrant for violation of probation was issued on January 7, 2014.

The claims asserted in the complaint implicate the validity of pending criminal charges against Plaintiff. In other words, if the claims were permitted to go to trial before the criminal case is resolved, the criminal case may be impacted by the rulings issued in the civil proceedings. This is the type of claim that this Court must abstain from entertaining while the criminal case remains pending.

The *Younger*[3] abstention doctrine ""requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F. 3d 156, 165 (4th Cir. 2008). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable

---

[1]       See *http://casesearch.courts.state.md.us/inquiry*.

[2]       See *http://casesearch.courts.state.md.us/inquiry*

[3]       *Younger v. Harris*, 401 U.S. 37 (1971).

restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (internal quotation omitted).

Moreover, if Plaintiff is convicted of the pending charges, his claims implicating their validity may not proceed unless or until the conviction is reversed, expunged, invalidated, or impugned. Complaints that contain such claims must also be dismissed without prejudice. *See Heck v. Humphrey*, 512 U. S. 477, 487 (1994) (42 U.S.C. §1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed), *see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment).

The State of Maryland has a vital state interest in prosecuting alleged criminal activity and Plaintiff is free to raise his allegation that the arresting officer's report is false in the context of his criminal case. To the extent that Plaintiff raises claims of defamation and intentional infliction of emotional distress, those claims do not implicate a federal constitutional or statutory right and are not properly filed in this Court absent establishment of diversity jurisdiction.[4] The Complaint shall, therefore, be dismissed without prejudice by separate Order which follows.

_DECEMBER 27, 2016_
Date

_Rud D. Butt_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[4]     *See* 28 U.S.C. § 1391(b) ("a civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.").